Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

mIddle District of Pennsylvania

Civil Division

| | |
|---|---|
| Tremayne Spillman<br>_____<br>Plaintiff(s)<br>*(Write the full name of each plaintiff who is filing this complaint.<br>If the names of all the plaintiffs cannot fit in the space above,<br>please write "see attached" in the space and attach an additional<br>page with the full list of names.)*<br>-v-<br>DR. Kollman, sergant Bickel,<br>sergant Paulson, sergant Irvin,<br>"see Attached"<br>_____<br>Defendant(s)<br>*(Write the full name of each defendant who is being sued. If the<br>names of all the defendants cannot fit in the space above, please<br>write "see attached" in the space and attach an additional page<br>with the full list of names. Do not include addresses here.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:18cv1568
*(to be filled in by the Clerk's Office)*

FILED
SCRANTON

AUG 07 2018

PER _____
DEPUTY CLERK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name: TREMAYNE SPILLMAN

All other names by which you have been known: TREYMAYNE SPILLMAN

ID Number: KL9956

Current Institution: SCI Benner Township

Address: 301 Institution Drive

BelleFonte         PA         16823
_City_              _State_      _Zip Code_

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name: DR. KOLLMAN

Job or Title *(if known)*: DOCTOR AT PRISON

Shield Number: N|A

Employer: Pennsylvania Dept. of Corrections

Address: (WORK) 301 Institution Drive

BelleFonte         PA         16823
_City_              _State_      _Zip Code_

[✓] Individual capacity   [ ] Official capacity

Defendant No. 2

Name: Sergant Bickel

Job or Title *(if known)*: Sergat at Prison

Shield Number: N|A

Employer: Pennsylvania Dept. of Corrections

Address: (WORK) 301 Institution Drive

BelleFonte         PA         16823
_City_              _State_      _Zip Code_

[✓] Individual capacity   [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name | SeRgAnt PAulSon
Job or Title (if known) | SeRgAnt At PRison
Shield Number | n/A
Employer | Pennsylvania Dept. oF CoRRections
Address | (woRK) 3ol Institution DRive
BelleFonte   PA   16823
*City*   *State*   *Zip Code*

☑ Individual capacity   ☐ Official capacity

Defendant No. 4

Name | SeRgAnt IRvin
Job or Title (if known) | SeRgAnt At PRison
Shield Number | n/A
Employer | Pennsylvania Dept. oF CoRRections
Address | (woRK) 3ol Institution DRive
BelleFonte   PA   16823
*City*   *State*   *Zip Code*

☑ Individual capacity   ☐ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Violation of the Eighth Amendment. The DeFenDAnts mentioned In this claim Acted with "DeliberAte InDiFFerence" towArDs A Serious meDical NeeD, AnD FAileD to Protect the PlAintiFF FRom PhysicAl AnD Psychological hArm.

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

---

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

EACH DEFENDANT MENTIONED IN THIS COMPLAINT ACTED UNDER COLOR OF LAW. EACH DEFENDANT MENTIONED IN THIS COMPLAINT IS OR WAS EMPLOYED BY THE PENNSYLVANIA DEPT. OF CORRECTIONS. EACH DEFENDANT HELD THERE RESPECTED POSITIONS MENTIONED IN THIS COMPLAINT. THEY ARE STATE OFFICIALS CARRYING OUT THERE JOB DUTIES.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

"See Attached"

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____ "See Attached" _____

D.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

_____ "See Attached" _____

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I Sustained A SPRAINED ANKle, I Sustained A lower BACK INJURY Possible BACK CONtUSIONS AND OR muscle SPASms, I Required A wheelCHAIR, A WAlKiNg CANe, PAiN MediCATION, muscle RelAXeRS, PhysiCAl theROPY; I DiD NOt Receive ADAQuAte MEdiCAl CARE DUe to NOt Receiving A wheel CHAiR FOR 2 DAyS AFteR iNJURY.

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

_____ "See Attached" _____

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

**SCI BenneR townshiP, BelleFoNte PA 16823**

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose
concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or
other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

SCI Benner twp.

2.   What did you claim in your grievance?
I claimed that my eighth Amendment was violated due
to not being moved from the top tier to the bottom tier, I also
claimed that I did not receive proper medical care

3.   What was the result, if any?
I filed 2 different Grievances and both were
upheld in part/denied in part. All 3 levels of the
Grievance procedure Aggreed that I should have been
moved to the bottom tier

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If
not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*
the Grievance Procedure is complete, I followed
the Inmate Grievance Procedure to the final review
process. There is 3 steps to this process

F.     If you did not file a grievance:

     1.   If there are any reasons why you did not file a grievance, state them here:

     2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

ON All 3 levels OF the GRievANce I WAS tolD I shoulD have Been moveD to the Bottom tieR they ARe cleaRly ADmiting they weRe wRoNg! I Am going to AttAch the GRievANce

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)  _____

   Defendant(s)  _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition.  _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?   NO

☐ Yes

☑ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

   2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

   3.   Docket or index number

_____

   4.   Name of Judge assigned to your case

_____

   5.   Approximate date of filing lawsuit

_____

   6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

   7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  _____

Signature of Plaintiff      _____

Printed Name of Plaintiff   TReMAYNe  SPillmAN

Prison Identification #      KL9956

Prison Address              SCI BenneR townShiP 3oI inStitutioN DR.

BellefoNte                PA        16823
_____   _____   _____
City                        State     Zip Code

### B.      For Attorneys

Date of signing:  _____

Signature of Attorney       _____

Printed Name of Attorney    _____

Bar Number                  _____

Name of Law Firm            _____

Address                     _____

_____
City                        State     Zip Code

Telephone Number            _____

E-mail Address              _____

DEFENDANTS

5. CORRECTION OFFICER BOOTERBAUGH

6. CORRECTION OFFICER Litzinger

7. CORRECTION OFFICER HUMMEL

8. SERGANT BURK

DEFENDANT   No. 5

Name    SERGANT BURK

Job or title    SERGANT AT PRISON

Shield Number    N/A

Employer    Pennsylvania Dept. of Corrections

Address    (work) 301 institution Drive

Bellefonte    PA    16823

☑ INDIVIDUAL CAPACITY

DEFENDANT   No. 6

Name    CORRECTION OFFICER BOOTERBAUGH

Job or title    CORRECTION OFFICER AT PRISON

Shield Number    N/A

Employer    Pennsylvania Dept. OF Corrections

Address    (work) 301 institution Drive

Bellefonte    PA    16823

☑ INDIVIDUAL CAPACITY

DEFENDANT   No. 7

Name    CORRECTION OFFICER Litzinger

Job or title    CORRECTION OFFICER AT PRISON

Shield Number    N/A

Employer    Pennsylvania Dept. OF Corrections

Address    (work) 301 institution Drive

Bellefonte, PA    16823

☑ INDIVIDUAL CAPACITY

DEFENDANT   No. 8

Name    CORRECTION OFFICER Hummel

Job or title    CORRECTION OFFICER AT PRISON

Shield Number    N/A

Employer    Pennsylvania Dept. OF Corrections

Address    (work) 301 institution Drive

Bellefonte    PA    16823

☑ INDIVIDUAL CAPACITY

## IV. STATEMENT OF CLAIM

ON 09-22-17 PLAINTIFF TREMAYNE JEREL SPILLMAN WAS PLAYING BASKETBALL OUTSIDE OF H-UNIT IN THE PAVED YARD, DURING THE BASKETBALL GAME THE PLAINTIFF INJURED HIS LEFT ANKLE

2. ON 09-23-17 PLAINTIFF WAS PRESCRIBED AN ACE WRAP AND CRUTCHES FROM DEFENDENT DR. KOLLMAN. THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS ISSUED A POLICY "ACCOMMODATIONS FOR INMATES WITH PHYSICAL DISABILITYS". DR. KOLLMAN AND THE REST OF THE DEFENDANTS NEVER ACCOMMODATED MY PHYSICAL DISABILITY BY NOT MOVING ME FROM THE TOP TIER TO THE BOTTOM TIER WHILE ON CRUTCHES

3. ON 09-25-17 THE PLAINTIFF ATTEMPTED TO WALK DOWN A FLIGHT OF STAIRS AND FELL DOWN THE STAIRS DUE TO HAVING A SPRAINED LEFT ANKLE AND BEING FORCED TO WALK UP AND DOWN THE STAIRS WITH CRUTCHES. DUE TO THE FALL THE PLAINTIFF SUSTAINED AN INJURY TO THE LOWER BACK AREA.

4. ON 09-25-17 THE PLAINTIFF WAS SENT TO MT. NITTANY HOSPITAL AFTER THE HOSPITAL THE PLAINTIFF WAS RETURNED TO SCI BENNER TWP. AND SPENT THE NIGHT IN THE PRISONS INFIRMARY

5. ON 09-27-17 2 DAYS AFTER FALLING DOWN THE STAIRS AND INJURING LOWER BACK AREA THE PLAINTIFF WAS ISSUED A WHEEL CHAIR

6. ON 10-06-17 PLAINTIFF WAS EVALUATED BY PA-C ACKERMAN ABOUT LEFT ANKLE INJURY PLAINTIFF SUSTAINED FROM PLAYING BASKETBALL. X-RAY CONFIRMED PLAINTIFF HAD AN ANKLE SPRAIN AT THIS TIME THE PLAINTIFF TURNED IN HIS WHEEL CHAIR FOR A WALKING CANE

7. ON 10-09-17 The PLAINTIFF seen medical About severe BACK PAIN. PA-C ACKERMAN DiAgNoSed the PLAINTIFF with hAving Possible BACK CONTUSIONS AND OR MUSCLE SPASMS PA-C ACKERMAN ALSO PRESCRIBED PLAINTIFF PAIN medicine AND MUSCLE RELAXERS

8. ON 10-13-17 PA-C ACKERMAN PLACED the PLAINTIFF iN Physical theropy sessioNs

9. "UPON INFORMATION AND Belief" PLAINTIFF WAS iN Physical theropy FOR APPROXIMATLY 5-6 months For the lower BACK INJURY He SuStAiNed ON 09-25-17 AFTER FAlliNg Down the STAIRS. Also During this 5-6 month time PERIOD the PLAINTIFF COULD NOT WALK PROPERLY without the ASSISTANCE OF the WALKING CANE

10. DEFENDANT, DR. KOllMAN IS A licensed PhySiciAN, who At All times mentioNed IN this COMPLAINT Held the POSITION OF A licensed PhySiciAN. DEFENDANT DR. KOllMAN ACTED UNDER COLOR OF STATE LAW FOR He WAS hired through the PennSylvANiA DEPARTMENT OF CORRECTIONS to WORK At Benner twp. A STATE CORRECTIONAL INSTITUTION, there FOR he IS A STATE employee. DEFENDANT DR. KOllMAN WORKED At SCI Benner twp. ON the DATES OF 09-23-17 AND 09-26-17. He PERSONAlly Seen the PLAINTIFF ON Both of these DATES. the DEFENDANT DID NOT Follow Protocol By NOT AUTHORIZING the PLAINTIFF to Be moved From the top tier to the Bottom tier AFTER A Serious INJURY. DEFENDANT

Also DENIED PLAINTIFF PROPER MEDICAL CARE BY NOT
PROVIDING the PLAINTIFF A WHEEL CHAIR IMMEDIATLY
AFTER PLAINTIFFS BACK INJURY. The DEFENDENT WAS
DELIBERATLY INDIFFERENT TOWARDS the PLAINTIFFS
SAFETY

11. DEFENDANT, SERGANT BICKEL IS A SERGANT OF the
PENNSYLVANIA DEPARTMENT OF CORRECTIONS WHO, AT All
times MENTIONED IN this COMPLAINT, held the RANK OF
SERGANT AND WAS ASSIGNED to H-UNIT AT SCI Benner
TWP. DEFENDANT SERGANT BICKEL ACTED UNDER COLOR OF
STATE law FOR He WAS HIRED through the PENNSYLVANIA
DEPARTMENT OF CORRECTIONS to WORK AT BENNER TWP.
A STATE CORRECTIONAL INSTITUTION, there FOR He IS
A STATE EMPLOYEE. DEFENDANT SERGANT BICKEL WAS

ASSIGNED to H-UNIT WERE the PLAINTIFF IS HOUSED ON
the DATE OF 09-24-17 AND WORKED FROM 6:00 AM to
2:00 PM. The PLAINTIFF WAS FORCED to WALK UP AND DOWN A
FLIGHT OF STAIRS with A SPRAIN ANKLE AND A SET OF
CRUTCHES, the PLAINTIFFS CONDITION WAS so OBVIOUS that
the DEFENDANT SERGANT BICKEL either KNEW ABOUT the
PLAINTIFFS CONDITION OR PURPOSEFULLY IGNORED it. There FOR
Being DELIBERATE INDIFFERENCE TOWARDS the PLAINTIFFS
SAFETY

12. DEFENDANT, SERGANT PAULSON IS A SERGANT OF the
PENNSYLVANIA DEPARTMENT OF CORRECTIONS WHO, AT All
times MENTIONED IN this COMPLAINT, held the RANK OF
SERGANT AND WAS ASSIGNED to H-UNIT AT SCI Benner
TWP.

DEFENDANT SERGANT PAULSON ACTED UNDER COLOR OF STATE law FOR He WAS HiRED through the PennSylVANIA DEPARTMENT OF CORRECTIONS to WORK At BENNER TWP, A STATE CORRECTIONAL INStitution, there FOR He is A STATE EMPloyEE. DEFENDANT SERGANT PAULSON WAS ASSIGNED to H-UNit WHERE the PlaintiFF is HOUSED ON the DATE OF 09-23-17 AND WORKED FROM 2:00 Pm to 10:00 Pm the DEFENDANT SERGANT PAULSON AlSO WORKED ON the DATE OF 09-24-17 AND WORKED FROM 2:00 Pm to 10:00 Pm AND WAS ASSIGNED to H-UNit. The PlaintiFF WAS FORCED to WAlk UP AND DOWN A flight OF STAIRS With A SPRAIN ANKle AND A SEt OF CRUtcHES, the PlaintiFFS CONDition WAS SO ObViouS that the DEFENDANT SERGANT PAULSON EitHER KNEW About the PlaintiFFS CONDition OR PURPOSEFUlly IgNORED it. There FOR BEiNG DEliBERAtE INDIFFERENCE towARDS the PlaintiFFS CONDition AND SAFEty

13. DEFENDANT SERGANT IRVIN IS A SERGANT OF the PennSylVANIA DEPARTMENT OF CORRECtiONS WHO, At All times MENtiONED in this COMPlaint, HElD the RANK OF SERGANT AND WAS ASSIGNED to H-UNit At SCI BENNER TWP. DEFENDANT SERGANT IRVIN ActED UNDER COLOR OF STATE law FOR He WAS HiRED through the PennSylVANIA DEPARTMENT OF CORRECTIONS to WORK At BENNER TWP, A STATE CORRECTIONAL INStitution, There FOR He is A STATE EMPloyEE. DEFENDANT SERGANT IRVIN WAS ASSIGNED to H-UNit WERE the PlaintiFF IS HOUSED

the Date of 09-25-17 And worked From 6:00 Am to 2:00 pm. The Plaintiff was Forced to walk up And Down A Flight of Stairs with A Sprain Ankle And A Set of Crutches, the Plaintiffs Condition was so obvious that the DefenDANt Sergant Irvin either Knew About the Plaintiffs Condition or PurposeFully Ignored it. There For Being Deliberate INDifference towards the Plaintiff Safety

14. DefenDANt Sergant Burk is A Sergant of the Pennsylvania Department OF Corrections who, At All times mentioned in this Complaint, Held the RANK of Sergant And was Assigned to H-Unit At SCI Benner twp. DefenDANt Sergant Burk Acted UNDer Color of State law For He was HireD through the Pennsylvania Department OF Corrections to work At Benner twp, A State Correctional Institution, There For He is A State employee. DefenDANt Sergant Burk was Assigned to H-Unit were the Plaintiff is housed on the Date of 09-25-17 And worked From 2:00 pm to 10:00 pm. the Plaintiff was Forced to walk up And Down A Flight of Stairs with A Sprain Ankle And A Set of Crutches, the Plaintiffs Condition was so obvious that the DefenDANt Sergant Burk either Knew About the Plaintiffs Condition or PurposeFully Ignored it. there For Being Deliberate INDifference towards the Plaintiffs Safety

DEFENDANT, CORRECTIONS OFFICER LITZINGER IS A CORRECTIONAL OFFICER OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD THE RANK OF CORRECTIONAL OFFICER AND WAS ASSIGNED TO H-UNIT AT SCI BENNER TWP. DEFENDANT CORRECTIONS OFFICER LITZINGER ACTED UNDER COLOR OF STATE LAW FOR HE WAS HIRED THROUGH THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS TO WORK AT BENNER TWP. A STATE CORRECTIONAL INSTITUTION, THEREFOR HE IS A STATE EMPLOYEE. DEFENDANT CORRECTIONS OFFICER WAS ASSIGNED TO H-UNIT WERE THE PLAINTIFF IS HOUSED ON THE DATE OF 09-23-17 AND WORKED FROM 2:00 PM TO 10:00 PM. ON THIS DATE THE PLAINTIFF ASKED THE MENTIONED DEFENDANT TO BE MOVED FROM THE TOP TIER TO THE BOTTOM TIER. DEFENDANT CORRECTIONS OFFICER LITZINGER ALSO WORKED ON 09-24-17 ON H-UNIT. AND WORKED FROM 2:00 PM TO 10:00 PM. THE PLAINTIFF WAS FORCED TO WALK UP AND DOWN A FLIGHT OF STAIRS WITH A SPRAIN ANKLE AND A SET OF CRUTCHES, THE PLAINTIFFS CONDITION WAS SO OBVIOUS THAT THE DEFENDANT CORRECTIONS OFFICER LITZINGER EITHER KNEW ABOUT IT OR PURPOSEFULLY IGNORED THE PLAINTIFFS CONDITION. THERE FOR BEING DELIBERATE INDIFFERENCE TOWARDS THE PLAINTIFFS SAFETY

16 DEFENDANT, CORRECTIONS OFFICER BOOTERBAUGH IS A CORRECTIONAL OFFICER OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD THE RANK OF CORRECTIONAL OFFICER AND WAS ASSIGNED TO H-UNIT AT SCI BENNER TWP. DEFENDANT CORRECTIONS OFFICER BOOTERBAUGH ACTED UNDER COLOR OF STATE LAW FOR HE WAS HIRED THROUGH THE PENNSYLVANIA

# IV. STATEMENT OF CLAIM

DEPARTMENT OF CORRECTIONS to WORK At BENNER twp. A STATE CORRECTIONAL INSTITUTION, there FOR He is A STATE employee. DEFENDANT CORRECTIONS OFFICER BOOTERBAUGH ASSIGNED to H-UNIT WERE the PLAINTIFF is HOUSED ON the DATE OF 09-24-17 AND WORKED FROM 6:00 Am to 2:00 Pm. the PLAINTIFF WAS FORCED to WALK UP AND DOWN A FLIGHT OF STAIRS with A SPRAIN ANKLE AND A SET OF CRUTCHES, the PLAINTIFFS CONDITION WAS SO OBVIOUS that the DEFENDANT CORRECTIONS OFFICER BOOTERBAUGH either KNEW ABOUT the PLAINTIFFS CONDITION OR PURPOSEFULLY IGNORED it. there FOR Being DELIBERATE INDIFFERENCE TOWARDS the PLAINTIFFS SAFETY

17. DEFENDANT, CORRECTIONS OFFICER HUMMEL IS A CORRECTIONAL OFFICER OF the PENNSYLVANIA DEPARTMENT OF CORRECTIONS who, At ALL times mentioned iN this COMPLAINT HELD the RANK OF CORRECTIONAL OFFICER AND WAS ASSIGNED to H-UNIT At SCI BENNER twp. DEFENDANT CORRECTIONS OFFICER HUMMEL ACTED UNDER COLOR OF STATE LAW FOR He WAS HIRED through the PENNSYLVANIA DEPARTMENT OF CORRECTIONS to WORK AT BENNER twp. A STATE CORRECTIONAL INSTITUTION, there FOR He IS A STATE employee. DEFENDANT CORRECTIONS OFFICER HUMMEL WAS ASSIGNED to H-UNIT WERE the PLAINTIFF is HOUSED ON the DATE OF 09-25-17 AND WORKED FROM 2:00 Pm to 10:00 Pm. the PLAINTIFF WAS FORCED to WALK UP AND DOWN A FLIGHT OF STAIRS with A SPRAIN ANKLE AND A SET OF CRUTCHES, the PLAINTIFFS CONDITION WAS SO OBVIOUS that the DEFENDANT CORRECTIONS

Officer Hummel either knew about the Plaintiffs condition or purposefully ignored it, therefor being deliberate indifference towards the Plaintiffs safety

DATED: 08-01-18
Respectfully submitted,

Tremayne Jerel Spillman KL9956
SCI Benner Township
301 Institution Drive
Bellefont, PA 16823

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Bellefont, PA on 08-01-18

Tremayne Jerel Spillman

# VI. PRAYER FOR RELIEF

1. Wherefore, Plaintiff Respectfully prays that this court enter Judgement granting Plaintiff:

2. Declare that the Defendant, Dr. Kollman His Acts and omissions described herein violated Plaintiffs eight Amendment Rights when the Defendant Failed to Protect the Plaintiff From Known Risk of His Health and Safety and Failed to Provide a wheelchair Immediatly After Plaintiffs Back Injury

3. Declare that the Defendants, All Sergants, and All correctional officers there Acts and omissions described herein violated Plaintiffs eight Amendment Rights when they Failed to Protect the Plaintiff From Known Risk of His health and Safety

4. Declare that SCI Benner twp and All of the Defendants described herein Follow the Pennsylvania Department of corrections Policy Number DC-ADM 006 to Accomidate All Physically Disabled Inmates and or Install elevators to Accomidate Inmates with Physical Disabilitys

5. Compensatory Damages in the Amount of $34,500 Against Each Defendant, Jointly and severally

6. Punitive Damages In the Amount of $3,000 Against Each Defendant

7. A Jury trial on All Issues triable By Jury

8. Plaintiffs Costs in this suit

9. Any Additional Relief this court Deems Just, Proper, and equitable

H.A. 1047.01

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE

698929

GRIEVANCE NUMBER

**INMATE GRIEVANCE**

| ITY GRIEVANCE COORDINATOR | FACILITY: SCI Be____2 | DATE: 09-27-17 |
|---|---|---|

| NMATE NAME & NUMBER) ___ Spillman  KL9956 | SIGNATURE OF INMATE: |
|---|---|

| SSIGNMENT: Block worker | HOUSING ASSIGNMENT: H-A-147 |
|---|---|

RECEIVED
SEP 2 9 2017
CSA Office

TIONS:
the DC-ADM 804 for procedures on the inmate grievance system.
ur grievance in Block A in a brief and understandable manner.
lock B any action you may have taken to resolve this matter. Be sure to include the identity of
mbers you have contacted.

a brief, clear statement of your grievance. Additional paper may be used, maximum two
one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

ROXIMATLEY OR NEAR 6:15 ON 9/25/17 I WAS WAIKING DOWN THE
n HA UNIT WITH CRUTCHES WHEN I SUDDENLY TRIPPED AND FELL
PPROXIMATLEY 6-10 STEPS. DURING THIS FALL I "SERIOUSLY" INJURED MY
wer BACK. AS I WRITE THIS GRIEVANCE I AM STILL WONDERING WHY
THE UNIT MANAGER, COUNSLER, AND AII BLOCK OFFICERS INTENTIONALLY
wingLY LEFT me ON THE TOP BUNK AND ON THE TOP TICE (Cell 2055)
WAS IN CRUTCHES AFTER INJURING MY LEFT ANKLE/FOOT ON SEPT
; THIS MISDIAGNOSIS AND MALPRACTICE OF MEDICAL AND EVERY
ON HA-UNIT CAUSES ME GREAT PAIN AND SUFFERING. BECAUSE IT IS
SWORN AND OFFICIAL DUTIES TO NOT DISREGARD OR BECOME
TELY INDIFFERENT TOWARDS THOSE THEY WERE TO PROTECT FROM HARM.
ed MY ANKLE 09-22-2017 IN THE PAVED YARD NEAR 2:45 PM I WAS
CRUTHES BY THE NURSE AND/OR PA WHO EVALUATED ME AND WAS
K TO THE SAME UNIT, SAME CELL AND WAS NOT GIVING BOTTOM BUNK

ions taken and staff you have contacted, before submitting this grievance.
23-17  I  SPOKE  to  the  CO  ON  HA  AND  ASKED
nOVED  to  the  Bottom  tice

vance has been received and will be processed in accordance with DC-ADM 804.

____ CSA                                    9/29/7

of Facility Grievance Coordinator                 Date

cility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
ROD Inmate Copy

Attachment 1-A

Tremayne Spillman KL9956                    09-27-17
H-A-147                          SCI Benner
Block Worker          2              Exhibit
                                        (A)

AND BOTTOM TIER STATUS. These EMPLOYEES who WORKED
All Three SHIFTS, Along with the UNIT MANAGER, COUNSLER,
C/O's AND SERGANTS All HAD KNOWLEDGE THAT I WAS FORCED
TO WALK UP AND DOWN The SECOND TIER while on CRUTCHES
I WAS TAKEN TO MEDICAL AND THEN TRANSPORTED TO MOUNT
NITTANY HOSPITAL ON THE DATE OF 9/25/17. AND AFTER All
OF THIS I WAS RELEASED FROM The INFIRMARY ON 9/26/17
with out Being PROPERLY OR PHYSICALLY CHECKED A By A
DOCTOR OR PA AND FORCED TO USE CRUTCHES when I
DESPERATLY NEED A WHEEL CHAIR. I WENT TO MEDICAL
AND let Them KNOW MY BACK is REALLY BOTHERING ME
FROM USING CRUTCHES AND I WAS TOLD TO PUT IN A SICK
CALL (09-27-17) I WAS JUST RELEASED FROM the INFIRMARY
FROM A SEVERE INJURY AND I'm in PAIN AND I AM FORCED
TO USE CRUTCHES AND NOT A WHEEL CHAIR? IN ADDITION
TO THIS I will Be SEEKING $300,000 FOR PAIN
AND SUFFERING AND A list OF other things





RECEIVED
SEP 29 2017
CSA Office

Exhibit

(B)

RECEIVED

OCT 26 2017

## Inmate Appeal to Final Review
## GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| KL9956 | Spillman, Treemayne | SCI Benner | 10-25-17 | 698929 |

I received my appeal from the Superintendent on October 24 2017 and have the following appeal issues:

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.
Appeals must relate to the issue presented in the initial grievance and 1st level appeal.

Please provide a BRIEF (no longer than two pages) appeal statement.

I Received A Response For A Grievance (698929) It was considered Frivolous. I stated in my Grievance that medical and H-unit staff was liable For the injury I sustained. And DSCS B.M. Booher says that there is no Evidence that H-unit staff knew I had crutches. I literally walked up and down the stairs For 3 days, I also asked the CIO on 9-23-17 to be moved to the bottom tier, so my Question is How Did H Block not have knowledge of me using crutches? Deliberate indifference means that A prison official will be held liable under the Eightheen Amendment iF he knows that inmates Face A substantial Risk oF serious harm and Disregard that Risk by Failing to take Reasonable measures to abate it ID At 847. my Grievance was also not upheld According to DSCS B.M. Booher (there is no Evidence that I sustained serious injury) iF that is the case then why was I giving A wheel Chair, why was I giving A walking cane, why was I giving muscle Relaxors, and why was giving Physical therapy? I was also ordered by mount nittany medical center to Follow up with A Chiropractor and that hasent happened yet! my injury could have been Avoided iF medical or H-unit chose to Put my saFety Above neglegence. I'm seeking $300.000 For PAIN AND suFFering and a list oF other complaines. Also The camera should have recorded me walking up and down the stairs holding A set oF crutches

INMATE SIGNATURE: _____



**INITIAL REVIEW RESPONSE**
**SCI BENNER TOWNSHIP**
**301 INSTITUTION DRIVE**
**BELLEFONTE, PA 16823**

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows

| Inmate Name: | Spillman, Tremayne | Inmate Number: | KL 9956 |
|---|---|---|---|
| Facility: | SCI BENNER TWP | Unit Location: | H-A 147-01 |
| Grievance #: | 698929 | Grievance Date: | 9/29/2017 |
| Publication (if applicable): | | | |

| Decision: | ☐ Uphold Inmate<br>**Grievance Denied**<br>X Uphold in part/Denied in part |
|---|---|

*It is the decision of this grievance officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | Frivolous |
|---|---|

This is in response to grievance 698929. In the grievance you state that the medical department issued you crutches on 9/22/17 (injury that occurred in the paved yard), however did not grant you bottom bunk/bottom tier status. You state the unit team had knowledge of this and should have intervened on your behalf. You state that on 9/25/17, you fell down steps, that subsequently caused serious injury. You state that on 9/26/17, after being released from the infirmary, medical should have provided you with a wheelchair due to your condition. You are requesting a wheelchair and are seeking $300,00 for pain and suffering.

I have reviewed this matter thoroughly and here is a brief summary of your treatment since 9/25/17. On 9/25/17, you were sent to Mount Nittany Medical Center, returned to the facility and placed in the infirmary. Dr. Kollman evaluated you from the infirmary on 9/26/17 and discharged. On 10/2/17, you were evaluated by CRNP Peace at your cell side due to the facility lockdown. On 10/5/17, you were evaluated by PA-C Ackerman. From 9/27/17 to 10/6/17 you were issued a wheelchair.

Based on this information gathered I have come to this concusion. Medical staff should have ensured that you were temporarily issued bottom bunk/bottom tier status. There is no evidence that the entire unit team knew you had crutches and should have intervened. I do agree that unit staff should have intervened if they had knowledge of the situation. Administrative staff have taken actions to ensure that this situation will not be repeated, specifically inmates will be given temporary bottom bunk/bottom tier status if they are issued crutches. In regards to the wheelchair being issued, one was issued from 9/27/17 to 10/6/17. Your request for $300,000 in relief for pain in suffering will not be granted as there is no evidence to support this, specifically there is no evidence that you sustained a serious injury as you stated in this grievance.

This grievance is upheld in part/denied in part. Relief requested is denied.

| Signature: | B.M. Booher | B. m. Booher |
|---|---|---|
| Title: | DSCS | |
| Date: | 10/19/2017 | |

cc:   Facility Grievance Coordinator
     DC-15
     File



*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-D*



**Facility Manager's Appeal Response**
**SCI Benner Township**
**301 Institution Drive**
Bellefonte, PA 16823

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Spillman, Treymayne | Inmate Number: | KL9956 |
|---|---|---|---|

| Facility: | SCI Benner Township | Unit Location: | H-A-1047-02 |
|---|---|---|---|

| Grievance #: | 698929 |
|---|---|

| Publication (if applicable): | |
|---|---|

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | |
| | ☐ Dismiss/Dismiss Untimely | |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | *Frivolous* |
|---|---|

I have reviewed your Official Inmate Grievance, Initial Grievance Response, Grievance Appeal, and facts surrounding your complaint.

In your Grievance Appeal you state that you received your Initial Grievance Response and the Grievance Officer considered your grievance to be frivolous. You say that Medical and H Unit Staff were liable for the injury you sustained. You go on to say that Deputy Booher indicates that there is no evidence that H Unit staff knew that you had crutches. You state that you asked the officer to be moved to the bottom tier plus, you walked up and down the steps for three days with crutches. You state that under the Eighth Amendment, prison officials are held liable. You say that if you did not sustain injuries then why were you provided with a wheelchair, cane, muscle relaxers, physical therapy and ordered to follow up with a chiropractor. You state that your injuries could have been avoided if staff would have put your safety before negligence. You are requesting $300.000 for pain and suffering and a list of other complaints.

First and foremost, in reviewing your Initial Grievance, I do not see where the assigned Grievance Officer deemed your Initial Grievance as being frivolous. In reviewing DIVAR video footage and in speaking to Unit Staff you were observed on numerous occasions walking without your crutches.

As indicated within your Initial Grievance Response, after your fall, you were treated at Mount Nittany Medical Center. You were returned to the facility where you were housed in the infirmary until you were discharged. You were seen on multiple occasions by the medical department for issues related to this incident.

You were advised in your Initial Grievance Response that the medical department should have ensured that you were given bottom bunk/tier status. You were advised that these issues where handled accordingly to prevent this type of issue from occurring in the future.

Based on the information provided, it is my decision to uphold the Initial Grievance Response. Your requested relief is denied.

2018

*Exhibit E*

**Final Appeal Decision**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | Treymayne Spillman | Inmate Number: | KL9956 |
|---|---|---|---|
| SCI Filed at: | Benner Township | Current SCI: | Benner Township |
| Grievance #: | 698929 | | |
| Publication (if applicable): | | | |

| Decision: | ☐ Uphold Response (UR) HC<br>☐ Uphold Inmate (UI)<br>☒ Uphold in part/Deny in part |
|---|---|

*It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:** *Frivolous*

A review of the record was conducted by the Bureau of Health Care Services. Upon reviewing your medical record, it was determined that the medical care provided was reasonable and appropriate as your care is being administered and treated per your physician's order; however, your grievance is upheld in part, as you did not receive a bottom bunk/bottom tier order when you initially injured your ankle and was placed on crutches. These clinical decisions are made by your attending practitioner. You are encouraged to participate in your treatment plan and to discuss your concerns or changes of condition with a practitioner. No evidence of wrongdoing was identified. Your grievance is denied in part because monetary compensation and a wheelchair are not warranted.

| Signature: | Dorina Varner *Veri Virone fm* |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 2/23/2018 |

DLV/HIS
cc:     DC-15/Superintendent Ferguson
        Grievance Office

Tremayne Spillman
KL9956
SCI Benner twp.
301 Institution Dr.
Bellefont, PA 16823

RECEIVED
SCRANTON
AUG 07 2018
PER DEPUTY CLERK

Uni…
Mid…

William …
235 N…
P.O. Box
Scrant…