# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TREMAYNE SPILLMAN,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:18-CV-1568** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **DR. KOLLMAN**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

In August 2018, Mr. Spillman initiated this civil rights action after suffering a basketball injury to his ankle and subsequent injury to his lower back while housed at SCI-Benner Township.[1] (ECF No. 1.) Plaintiff named Dr. Kollman, a contract physician, and seven Pennsylvania Department of Corrections (DOC) employees as Defendants.[2] The DOC Defendants filed an Answer to the Complaint while Dr. Kollman filed a motion to dismiss. (ECF Nos. 19 and 42.) Mr. Spillman filed an opposition brief (ECF No. 41) and Dr. Kollman has filed a reply (ECF No. 43). Dr. Kollman's motion is now ripe for disposition. Also pending before the Court is Mr. Spillman's unbriefed motion for summary judgment (ECF No. 39) and motion to stay (ECF No. 44) these proceedings pending his release from custody.

---

[1] In May 2019 Mr. Spillman was released on parole and currently resides in Pittsburgh, Pennsylvania. (ECF No. 45.)

[2] Separate counsels represent Dr. Kollman and the DOC Defendants.

For the following reasons, the Court will grant Dr. Kollman's motion to dismiss, deem Mr. Spillman's motion for summary judgment withdrawn, and deny his motion to stay.

I.     **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) supports the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but not shown---that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950 (internal quotation marks and brackets omitted).

Fed. R. Civ. P. 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964.  Although Rule 8 "does not require 'detailed factual allegations,' … it [does] demand … more than an unadorned, the defendant-unlawfully-harmed-me accusation," and a complaint does not suffice "if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 544, 127 S.Ct. at 1955).

When resolving a Rule 12(b)(6) motion, the role of the court is to determine whether the complaint has "'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' each element." *United States ex rel. Bookwalter v. UPMC*, No. 18-1693, 2019 WL 4437732, at *3 (3d Cir. Sept. 17, 2019) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  In reviewing the sufficiency of the complaint, a court must take three steps:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also* *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016).

When addressing a Rule 12(b)(6) motion, the court is compelled to accept as true and must view them in the light most favorable to the plaintiff.  *Estate of Roman v. City of Newark*, 914 F.3d 789, 795 (3d Cir. 2019)(quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)).  However, the court is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) (quoting Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007)).  In ruling on a motion to dismiss, the court may only consider "documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."

*Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citations and internal quotations marks omitted).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 – 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff's complaint "must contain allegations permitting the reasonable inference that the defendant is liable for the misconduct alleged." *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n. 3 (3d Cir. 2010) (nonprecedential) (quoted case omitted). Federal courts must grant *pro se* litigants leave to file a curative amended complaint, even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate v. Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

With these principles in mind, the Court sets forth the background to this litigation, as Plaintiff alleges it in his Complaint.

## II. Allegations of the Complaint

The following facts as alleged by Mr. Spillman in his Complaint (ECF No. 1) are accepted as true:

On September 22, 2017, while housed at SCI-Benner, Mr. Spillman injured his left ankle while playing basketball. The following day Dr. Kollman saw Mr. Spillman and prescribed him an ace wrap and crutches. At the time, Mr. Spillman had an upper bunk assignment on the upper tier in the HA housing unit. He asked "the C/O" to move him to the bottom tier. (*Id*. at 23.)

Two days later, on September 25, 2017, Mr. Spillman injured his back when he "tripped and fell" while attempting to descend a flight of stairs. (*Id*. at ¶¶ 1-3 and 25.) Medical staff sent Mr. Spillman to an outside hospital. Later that day, upon his return, medical staff placed him in the prison's infirmary overnight. (*Id*. at ¶ 4.) The next day, September 26, 2017, Dr. Kollman evaluated Mr. Spillman in the infirmary. (*Id*. at 26.) Mr. Spillman claims he returned to his housing unit "without being properly or physically checked by a doctor of PA and forced to use crutches when [he] desperate[e]ly need[ed] a wheel chair." (*Id*. at 24.) On September 27, 2017, Mr. Spillman went to the medical unit "and let them know [his] back [was] really bothering [him] from using crutches". (*Id*.) Medical staff issued Mr. Spillman a wheelchair the same day. (*Id*. at ¶ 5.)

A nurse evaluated Mr. Spillman on October 2, 2017. (*Id*. at 26.) On October 6, 2017, PA-C Ackerman evaluated Mr. Spillman's left ankle and ordered an x-ray which confirmed "an ankle sprain." (*Id*. at ¶ 6.) That day Mr. Spillman exchanged his wheelchair for a walking cane. (*Id*.) Three days later, PA-C Ackerman saw Mr. Spillman due to complaints of severe back pain. He diagnosed Plaintiff as having possible back contusions and muscle spasms and prescribed pain medication and muscle relaxers. (*Id*. at ¶ 7.) After an October 13, 2017-visit, PA-C Ackerman prescribed physical therapy for

Mr. Spillman.  (*Id*. at ¶ 8.)  For the next five or six-months, Mr. Spillman participated in physical therapy for his back and utilized a cane to ambulate.  (*Id*. at ¶ 9.)

The Department of Corrections (DOC) has a policy "Accommodations for Inmates with Physical Disabilities."  (*Id*. at ¶ 2.)  Dr. Kollman saw Mr. Spillman on September 23, 2017 and September 26, 2017.  (*Id*. at ¶ 10.)  Mr. Spillman claims Dr. Kollman failed to follow protocol by not authorizing his move "from the top tier to the bottom tier after a serious injury."  (*Id*.)  Dr. Kollman also failed to provide "proper medical care by not providing [him] a wheelchair immediately after Plaintiff['s] back injury."  (*Id*.)

The DOC Defendants (Sgt. Bickel, Sgt. Paulson, Sgt. Irvin, Sgt. Burk, CO Litzinger, CO Booterbaugh, and CO Hummel) all worked on Mr. Spillman's housing unit during the time he "was forced to walk up and down a flight of stairs with a sprain[ed] ankle and a set of crutches."  (*Id*. at ¶¶ 11 – 17.)  Mr. Spillman's "condition was so obvious that [the DOC Defendants] either knew about [his] condition or purposefully ignored it, therefor being deliberate[ly] indifferent towards Plaintiff['s] safety."  (*Id*.)

Mr. Spillman seeks monetary damages and injunctive relief.[3]  (*Id*. at 22.)

III.     **Discussion**

    A.     **Mr. Spillman Fails to State an Eighth Amendment Medical
           Claim against Dr. Kollman**

The Eighth Amendment "requires prison officials to provide basic medical treatment" for those "incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)

---

[3] Mr. Spillman's request for injunctive relief is now moot based on his release from prison. *See Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009).

(citing *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L.Ed. 2d 251 (1976)). "[T]he Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation suffered by a prisoner, but *only* that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Hudson v. McMillan*, 503 U.S. 1, 20, 112 S.Ct. 995, 1006, 117 L.Ed.2d 156 (1970) (emphasis in original). In the context of prison medical care, to show a violation of the Eighth Amendment an inmate plaintiff must allege two things. First, he must demonstrate that the defendant prison officials or employees had a subjective state of mind indicating they were deliberately indifferent to his medical needs. Second, he must prove that those medical needs were objectively serious. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).

An objectively serious medical need "must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Moreover, the condition must be one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 320 (3d Cir. 2005). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). Disagreements between an inmate and a physician over the inmate's proper medical care does not rise to the level of an Eighth Amendment claim for the denial of medical care. *See Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d. Cir. 1993) (citing *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir.1987)). Likewise, claims of medical negligence are insufficient to state a claim for deliberate indifference. *Rouse,* 182 F.3d

at 197.  Without the requisite mental state, a prison official's conduct alone will not constitute deliberate indifference.  *See Farmer v. Brennan,* 511 U.S. 825, 837-39, 114 S.Ct. 1970, 1979-80, 128 L.Ed.2d 811 (1994).  "[T]he official[s] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference."  *Id.* at 837, 114 S.Ct. at 1979.  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not … [cannot] be condemned as the infliction of punishment."  *Id.*

Mr. Spillman contends Dr. Kollman failed to provide him with adequate medical care because he failed to: (1) modify his housing assignment after issuing him crutches on September 23, 2017; and (2) issue him a wheelchair, rather than crutches, after injuring his back on September 26, 2017.  Dr. Kollman moves to dismiss on the grounds that Mr. Spillman fails to allege that he knowingly ignored a serious medical need as required to state a § 1983 deliberate indifference medical claim.  The Court agrees.

First, Mr. Spillman's ankle sprain does not rise to the level of a serious medical need, and thus, he has not met the objective component necessary to establish a violation of the Eighth Amendment.  *See Bacon v. Harder*, 248 F. App'x 759 (7th Cir. 2007) ("Bacon's ankle sprain did not constitute a serious medical need."); *Chatin v. Artuz*, 28 F. App'x. 9, 10 - 11 (2d Cir. 2001) (summary order) ("[Plaintiff]'s condition, which medical staff at various stages of his treatment diagnosed as a sprained ankle, a bone spur, and a neuroma, did not rise to the level of seriousness that the Eighth Amendment requires").  Based on the above, Mr. Spillman's ankle sprain does not rise to the level of a serious medical need, and, therefore, he has not met the objective component necessary to establish a violation of the Eighth Amendment.  However, even if Mr. Spillman had a

serious medical need, he has not established the Dr. Kollman was deliberately indifferent to that need.

The subjective component of Mr. Spillman's claim requires he plead that Dr. Kollman's actions were "subjective recklessness" in the face of a serious medical condition.  *See Farmer*, 511 U.S. at 839 – 40, 114 S.Ct. at 1980.  Dr. Kollman contends Mr. Spillman has failed to demonstrate that he had the requisite state of mind to meet the subjective component of deliberate indifference.  The Court agrees.  First, Mr. Spillman does not allege in his Complaint that Dr. Kollman was aware of Mr. Spillman's top bunk/top tier assignment.  Second, Mr. Spillman does not allege he asked Dr. Kollman to adjust his housing assignment and Dr. Kollman ignored his request.  In sum, there are no allegations in the Complaint that Dr. Kollman consciously disregarded a serious risk of harm to Mr. Spillman simply based on his use of crutches in the prison's general population.  Mr. Spillman's argument that the obviousness of the risk is conclusory absent allegations of Dr. Kollman's notification of a hazard faced by Mr. Spillman.  Additionally, as Defendant Kollman suggests, even if he did not recommend Plaintiff's movement to a lower tier exposed Mr. Spillman to a greater risk of injury, the mistake does not rise to the level of deliberate indifference but sounds in negligence.  *See Matthews v. Pennsylvania Dept. of Corr,* 613 F. App'x 163, 170 (3d Cir. 2015) (medical defendants' refusal to recommend cell reassignment for inmate with cast and crutches was at most negligent where they otherwise were "attentive" and "saw [the plaintiff] regularly during his recovery).  Here, Dr. Kollman evaluated Mr. Spillman within 24-hours of his initial injury.  Mr. Spillman had access to sick call if he needed follow up care or had concerns as to his medical care, including his use of crutches due to his housing assignment.  Mr. Spillman

does not claim he informed Dr. Kollman of his upper bunk/upper tier housing status and did not share his concerns about his housing status with Dr. Kollman prior to his September 25, 2017- fall.  Consequently, Mr. Spillman fails to establish the subjective component an Eighth Amendment violation with respect to Dr. Kollman's failure to assign him a lower bunk/lower tier assignment upon issuing him crutches for his ankle sprain.

The same is true with respect to Mr. Spillman's claim that Dr. Kollman should have issued him a wheelchair on September 26, 2017, rather than crutches immediately upon his return from the hospital after falling with his crutches.  The desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim. *Estelle*, 429 U.S. at 107, 97 S.Ct. at 292 - 23.  Likewise, Mr. Spillman's "mere disagreement as to the proper medical treatment" does not establish a claim of deliberate indifference.  See *Monmouth Cty. Corr. Institutional Inmates*, 834 F.2d at 346.  Mr. Spillman has not shown that Dr. Kollman's course of treatment (continuing his crutches rather than a wheelchair), was medically unacceptable under the circumstances, and that Dr. Kollman chose it in conscious disregard of an excessive risk to his health.  *See Watt v. Herbik*, 364 F. App'x 723 (3d Cir. 2010) (failure to provide inmate with crutches and wheelchair following testicular surgery did not violate Eighth Amendment).  Additionally, the day Mr. Spillman notified the medical department of his increased back pain which he surmised was because of his crutches, he was issued a wheelchair.  Mr. Spillman's one day delay in the receipt of a wheelchair does not rise to the level of an Eighth Amendment claim.  While it is true that  deliberate indifference may exist when medical treatment is delayed rather than denied, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant

to second guess medical judgments and to constitutionalize claims which sound in state tort law." *United States ex rel. Walker v. Fayette Cty.,* 599 F.2d 573, 575 n. 2 (3d Cir.1979) (internal quotation marks omitted). As noted above, from the day he fell down the steps until the day he received a wheelchair, Mr. Spillman received continuing medical attention. Based on the above, Mr. Spillman's Eighth Amendment medical claims against Dr. Kollman will be dismissed with prejudice.


      **B.**     **Mr. Spillman Fails to State an Eighth Amendment Failure to Protect Claim against Dr. Kollman**

Prison officials have a duty to provide inmates adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee" their safety. *Farmer,* 511 U.S. at 832, 114 S.Ct. at 1976 (citing *Hudson v. Palmer,* 468 U.S. 517, 526–27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). To state a constitutional claim for failure to prevent harm, an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1977 (citing *Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 2481 - 82, 125 L.Ed.2d 22 (1993)). Two requirements must be met to establish a constitutional violation based on the failure to prevent harm: (1) objectively, the alleged deprivation must have been "sufficiently serious," in that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm;" and (2) subjectively, the prison official must have had a "sufficiently culpable state of mind" manifesting "deliberate indifference" to the inmate's health or safety. *Id.*

Here, accepting the facts of the Complaint as true, Mr. Spillman fails to state a cause of action under the Eighth Amendment by alleging that Dr. Kollman knowingly disregarded a substantial risk of serious harm to him by prescribing him the use of crutches in a prison general population setting without ensuring he was housed on a lower tier.  Again, Mr. Spillman did not allege that he advised Dr. Kollman of his upper bunk/upper tier housing status or request a change to his housing status due to his injury or advise Dr. Kollman of his exposure to a specific risk (ex: wet floors, lack of coordination with crutches) during the period he was using crutches.  Plaintiff has not shown that the use of crutches in a general population setting, even for an inmate housed on an upper tier, poses a substantial risk of serious harm to the inmate's health or safety.  Any user of crutches, whether restricted to a ground floor or not, is at risk of falling.  However, that is a risk faced by many members of the public at large[4] and does not violate the Eighth Amendment.  *See Reynolds v. Powell*, 370 F.3d 1028, 1031-32 (10th Cir. 2004) (standing water in shower area did not pose a substantial risk of serious harm even when plaintiff was using crutches); *see also Brinkley v. Smeal*, No. 1:CV-10-0224, 2010 WL 5391276, at *5 (M.D. Pa. Dec. 22, 2010) (Eighth Amended claim of inmate using crutches dismissed with prejudice as "slipping and falling on ice fails to state an Eighth Amendment claim.") However, one court has found that an inmate with a leg cast and crutches, a history of an inability to maneuver on crutches which included falls, and who had a physician's recommendation for handicap housing which was denied by prison staff, had alleged

_____

[4] School students, of all ages, who use crutches and switch classes or buildings, and ambulate to dining halls must also navigate obstacles like Mr. Spillman.  Mr. Spillman does not plead that he was exposed to a greater hazard than that faced by any member of the general public who use crutches.

sufficient facts outside of the usual slip-and-fall case so as to reverse summary judgment on his failure to protect claim. *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998). The facts of Mr. Spillman's case are not like those in *Frost.* Mr. Spillman did not have a known history of difficulty using his crutches or frequent falls with his crutches. He did not ask Dr. Kollman to modify his housing status, file grievances concerning his need for accommodation, or otherwise alert Dr. Kollman of his difficulty using his crutches in general population. Under the facts plead by Mr. Spillman, his allegations do not amount to more than a slip-and-fall case, which is at most, a claim of negligence. While Mr. Spillman argues that he "should not have to ask Defendant Kollman to do his job, it is his responsibility to authorize [him] being moved," (ECF No. 41 at 2), again, he does not suggest Dr. Kollman was aware of any substantial risk to his safety strictly based on the issuance of crutches in the prison setting. Moreover, contrary to Mr. Spillman's assertions, the existence of the DOC's Reasonable Accommodation for Inmates with Disabilities policy does not impose knowledge of a substantial risk to his safety or liability upon Dr. Kollman. The DOC's policy states that "[i]t is the policy of the Department to establish procedures *for an inmate to request an accommodation* for a qualified disability that affects a major life activity". (*Id.* at 4) (emphasis added). Mr. Spillman does not suggest he requested an accommodation based on his receipt of crutches for an ankle sprain and that Dr. Kollman denied his request. Accordingly, Plaintiff has failed to allege facts sufficient for the Court to conclude that his Eighth Amendment conditions of confinement claim should proceed against Dr. Kollman because he has failed to allege: (1) that the deprivation alleged was objectively, sufficiently serious; and (2) that Dr.

Kollman acted with deliberate indifference to an excessive risk to his health and/or safety as required by *Farmer*.

### C.    Mr. Spillman's Motion for Summary Judgment

Mr. Spillman filed a motion for summary judgment against all Defendants on January 8, 2019.  (ECF No. 39).   Although he filed a statement of material facts not in dispute and supporting exhibits, he failed to file a supporting brief as required by Pa. M.D. Local Rule 7.5.  Accordingly, Mr. Spillman's motion for summary judgment will be deemed withdrawn.

### D.    Mr. Spillman's Motion to Stay these Proceedings

On April 22, 2019, Mr. Spillman notified the Court, *inter alia*, of his then impending May 21, 2019, parole date.  (ECF No. 44.)  He also claimed an injury to his finger impeded his writing ability and incidents of prison staff threatening him to drop his lawsuit.  (*Id.*)  Mr. Spillman sought the Court to stay his action pending his release from prison.   The Court has not heard from Mr. Spillman since his release.

Based on Mr. Spillman's release, and the period of time that has passed since his release, his motion to stay these proceeding will be denied as moot.

## IV.     Leave to Amend

When a complaint fails to present a *prima facie* case of liability, courts should generally grant leave to amend before dismissing a complaint. *See Grayson,* 293 F.3d at 108; *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). In the matter *sub judice*, the Court concludes that Plaintiff is unable to cure the deficiencies of the Complaint with respect to Dr. Kollman and affording him leave to amend would be futile.


## V.     Conclusion

Based on the foregoing, Dr. Kollman's motion to dismiss will be granted. An appropriate order shall issue.

An appropriate order follows.


Date:  October 7, 2019                    /s/ A. Richard Caputo
                                          **RICHARD CAPUTO**
                                          **United States District Judge**