# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TREMAYNE SPILLMAN,** : | |
| : | |
| **Plaintiff** : | |
| : | CIVIL NO. 3:18-CV-1568 |
| v. : | |
| : | (Judge Caputo) |
| **DR. KOLLMAN**, *et al.,* : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I. Background

Plaintiff, Tremayne Spillman, a state inmate formerly housed by the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution at Benner Township (SCI-Benner), initiated this action on August 7, 2018. (ECF No. 1). Named as Defendants were the following DOC employees: Sergeant (Sgt.) Bickel; Sgt. Paulson; Sgt. Irvin; Sgt. Burk; Corrections Officer (CO) Booterbaugh; CO Litzinger and CO Hummel. Mr. Spillman also named Dr. Kollman, a contract medical care provider at SCI-Benner as a defendant. In his Complaint Mr. Spillman alleged he was denied adequate medical care and a lower tier housing assignment following a September 22, 2017 basketball injury to his left ankle.

On October 7, 2019, the Court granted Dr. Kollman's motion to dismiss. (ECF No. 48.) The Court noted that Mr. Spillman's Eighth Amendment claim against the Commonwealth Defendants would move forward and set dates for the close of discovery and the filing of dispositive motions. (*Id.*) Although Mr. Spillman advised the Court in May 2019

of his release from custody and his new address at Renewal Inc. (ECF No. 45), in Pittsburgh, Pennsylvania, the Court's October 7, 2019 Order mailed to him at his last known address, was returned as undeliverable. (ECF No. 49.) Mr. Spillman has not provided the Court with a current address.

To ascertain Mr. Spillman's whereabouts, the Court searched the DOC[1] and the Federal Bureau of Prisons[2] on-line Inmate Locators. Neither website provided information to suggest that Mr. Spillman was presently in state or federal custody. The Court also accessed the Victim Information and Notification Everyday portal (VINELink) which confirmed that he is not in state custody but is currently on supervised parole.[3]

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action "[i}f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007).

---

[1] *See* http://inmatelocator.cor.pa.gov/#/ (last accessed Nov. 19, 2019).

[2] *See* https://www.bop.gov/inmateloc/ (last accessed Nov. 19, 2019).

[3] *See* VINELink, https://www.vinelink.com/#/search (last accessed Nov. 19, 2019).

Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a district court is required to consider, and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "However, when a litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* unnecessary. *See McLaren v. NJ Dept. of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) (citing *Guyer v. Beard*, 907 F.2d 1424, 1429 – 30 (3d Cir. 1990) and *Spain v. Gallegos*, 26 F.3d 439, 454 – 55 (3d Cir. 1994)); *see also Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011) (the District Court did not clearly err in determining that "[b]ecause Doe's conduct makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the *Poulis* factors").

The Court notes that a *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. *See* Standing Practice Order in Pro Se Plaintiff Cases, ECF No. 6; Pa. M.D. L.R. 83.18. Should a plaintiff's address change during the litigation, he is mandated to immediately inform the Court of such change, in writing. (ECF No. 6 at 4.) Mr. Spillman was cautioned that if the Court is unable to communicate with him because he failed to notify the Court of his address, the Court would deem Plaintiff to have abandoned his lawsuit. (*Id.*)

Here, Mr. Spillman has not communicated with the Court since May 17, 2019 when he notified the Court of his release from prison and change of address. (ECF No. 45.) On November 15, 2019, the Court's most recent correspondence to Plaintiff was returned as undeliverable. (ECF No. 49.) Mr. Spillman is no longer in custody and has failed to comply with terms set forth in the Standing Practice Order and Pa. M.D. L.R. 83.18. It is reasonable to conclude that Mr. Spillman has abandoned his lawsuit.

**III. Conclusion**

Based on the foregoing, the Court will dismiss Mr. Spillman's Complaint (ECF No. 1) pursuant to Fed. R. Civ. P. 41(b) and due to his failure to comply with a court order.

An appropriate order follows.

Date:  **November 19, 2019**               /s/ A. Richard Caputo
                                                                       **A. RICHARD CAPUTO**
                                                                       **United States District Judge**